988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Edward DOWLER, Petitioner-Appellant,
v.
Ed MYERS, Warden, Soledad Prison, Soledad, California; and
the Attorney General of the State of Nevada,
Respondents-Appellees.
 No. 91-16721.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1993.
Decided March 12, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-N-90-198-ECR; Edward C. Reed, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before FLETCHER, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dowler appeals the denial of his petition for a writ of habeas corpus. We affirm.
 
 
 3
 Nevada charged Dowler with two counts of first degree kidnapping and one count of extortion. Robert Bork of the state Public Defender's Office was appointed to represent him. Bork discussed with Dowler the possibility of pleading guilty, a strategy which Dowler initially rejected. Dowler disagreed with Bork's proposed trial strategy and moved for substitution of counsel. After the trial court denied the motion, Dowler moved to represent himself. The trial court granted this motion. Dowler eventually pleaded guilty to kidnapping in the second degree.
 
 I.
 
 4
 Dowler argues that his waiver of his right to counsel was constitutionally defective. A criminal defendant may waive his Sixth Amendment right to state-appointed counsel so long as the waiver is knowing and intelligent. Faretta v. California, 422 U.S. 806 (1975). For the waiver to be knowing and intelligent, "a criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation." United States v. Balough, 820 F.2d 1485, 1487 (9th Cir.1987); see also Harding v. Lewis, 834 F.2d 853, 857 (9th Cir.1987) (standard applies to state courts).
 
 
 5
 During the hearing on Dowler's motion to represent himself the trial court adequately advised him of the dangers involved. A review of the record as a whole shows that Dowler was also aware of the nature of the charges against him and the possible penalties. During the hearing on Dowler's motion to dismiss his counsel--a mere seven days before the hearing on Dowler's self-representation motion--Dowler told the court that his meetings with Bork had been geared mostly toward possible plea bargains. These discussions inevitably made the defendant aware of the nature of the charges against him and the possible penalties. Dowler's waiver of his right to counsel was knowing and intelligent.
 
 II.
 
 6
 Dowler also argues that he was denied effective assistance of counsel. He maintains that Bork, his standby counsel, failed to advise him that if he pleaded guilty he would be precluded from appealing the trial court's ruling on a motion in limine. This court has not determined whether a criminal defendant has the right to the effective assistance of standby counsel. Assuming, for the sake of argument, that such a right exists, Dowler fails to demonstrate ineffective assistance.
 
 
 7
 In order to prevail on a claim of ineffective assistance, a criminal defendant must demonstrate that his trial counsel's representation fell below an objective standard of reasonableness and that, but for the errors, the result would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Dowler asserts that Bork's performance was deficient because he failed to inform him of the consequences of pleading guilty. In his deposition, Bork stated that he instructed Dowler in general terms that a guilty plea would severely limit the bases on which he could appeal his conviction. Moreover, Dowler admits that Bork advised him that pleading guilty would severely limit his grounds for appeal. Also, Dowler signed a Memorandum of Plea Negotiations which stated that, by pleading guilty, he waived "[t]he right to appeal certain defects that may exist in my case to this point." On this testimony, Dowler cannot meet his burden on the issue of ineffectiveness.
 
 III.
 
 9
 Finally, Dowler argues that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea. It is not within the province of this court to review alleged abuses of discretion by state courts. A state prisoner is entitled to habeas relief only if he is being held "in violation of the constitution, laws or treaties of the United States." 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1982).
 
 
 10
 Dowler also maintains that his guilty plea was constitutionally invalid because it was neither voluntary nor intelligent. "A guilty plea is valid so long as it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)), cert. denied, 479 U.S. 835 (1986). Dowler asserts that his guilty plea was involuntary because his fear of the possible consequences of going to trial destroyed his ability to balance the advantages of going to trial against the advantages of pleading guilty. See Brady v. United States, 397 U.S. 742, 750 (1970) (suggesting that plea would be invalid if defendant "was so gripped by fear of the death penalty or hope of leniency that he did not or could not ... rationally weigh the advantages of going to trial against the advantages of pleading guilty."). The record does not support Dowler's assertion. He admitted that pleading guilty was his best option. Further, the trial court informed him of the benefits of going to trial. Finally, he pleaded guilty in order to avoid a heavier sentence which might have resulted from a trial. See Alford, 400 U.S. at 39 (guilty plea not invalid even if entered to avoid the possibility of the death penalty). Therefore, Dowler's plea was voluntary.
 
 
 11
 Dowler also contends that his plea was unintelligent because he lacked a full understanding and appreciation of its consequences. This argument rests on Dowler's ineffective assistance claim, which we reject.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3