993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Theodrick PARKS, Defendant-Appellant.
 No. 92-50421.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided May 19, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Kenneth Theodrick Parks (Parks) appeals his sentence under Section 4B1.2 of the United States Sentencing Guidelines (USSG). Parks contends the district court erred in sentencing him as a career offender in that his 1982 conviction for robbery/kidnapping/forced oral copulation could not be counted because it was constitutionally invalid in that he was denied his right to counsel under the Sixth Amendment.
 
 
 4
 Without deciding whether Parks had a constitutional right to attack his 1982 state conviction in his sentencing hearing, the district court both considered and ruled on the validity of that conviction. Thus, we are not faced with the situation presented in United States v. Vea Gonzales, 986 F.2d 321 (9th Cir.1993) and proceed to a review of Parks' collateral challenge to his prior conviction.
 
 
 5
 Parks contends his right to counsel was violated when the state trial judge relieved Parks' attorney, instructed Parks that he was proceeding pro per, and denied his request for associate counsel. The record does not support these assertions.
 
 
 6
 Parks stated that a conflict existed between him and his attorney. He requested pro per status because his attorney was trying to get him to "cop" to the charges and had a "bad attitude" during his visits to the county jail. The state trial court sufficiently inquired of Parks about his request for pro per status. See Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983). Compare People v. Munoz, 115 Cal.Rptr. 726 (1974).
 
 
 7
 A criminal defendant has a constitutional right to represent himself so long as his waiver of counsel is made knowingly and intelligently. McKaskle v. Wiggins, 465 U.S. 168, 173 (1984); Faretta v. California, 422 U.S. 806, 807 (1975). A defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. United States v. Balough, 820 F.2d 1485, 1487 (9th Cir.1987). A review of the transcript of Parks' state trial court hearing reveals the state trial judge saw that these requirements were fulfilled.
 
 
 8
 The district court's sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3