999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sean Thomas ROOKE, Petitioner-Appellant,
v.
Robert G. BORG, Respondent-Appellee.
 No. 92-15578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1993.
Decided July 16, 1993.
 
 MEMORANDUM*
 Before BROWNING, CHOY and CANBY, Circuit Judges.
 
 
 1
 Sean Thomas Rooke, a California prisoner, appeals from the district court's denial of his habeas petition brought under 28 U.S.C. § 2254. He raises due process and ineffective assistance claims in connection with a waiver of a state law right to jury trial on a prior felony allegation. We review de novo, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 U.S. 1818 (1993), and we affirm.
 
 
 2
 * A jury convicted Rooke of attempted burglary, in violation of California Penal Code sections 664 and 459. The trial court found true an allegation of a prior serious felony conviction and imposed an enhanced sentence under California Penal Code section 667(a). California law guaranteed Rooke a right to have a jury trial on the prior felony allegation, see In re Yurko, 519 P.2d 561, 565 (Cal.1974), but he had waived that right.
 
 
 3
 The state court of appeal considered and rejected Rooke's due process and ineffective assistance arguments on direct appeal. Applying the two-prong test articulated in Strickland v. Washington, 466 U.S. 668 (1984), the court found that trial counsel's failure to inform Rooke of his right to a bifurcated trial[1] was deficient performance. However, the court found that Rooke had suffered no prejudice because he learned of and understood that right before waiving it. That understanding also defeated Rooke's due process challenge to the waiver's validity.
 
 
 4
 Rooke raises the same claims in his habeas petition. A magistrate judge recommended that the writ issue on the basis of the pleadings and exhibits. The district court rejected the magistrate's recommendation without holding an evidentiary hearing, and denied the petition. We have jurisdiction over Rooke's timely appeal under 28 U.S.C. §§ 1291 and 1294.
 
 II
 
 5
 We need not decide whether it was constitutional for the trial court to accept Rooke's waiver of jury trial on the prior felony allegation. Even if the waiver were invalid, any constitutional error was harmless beyond a reasonable doubt. See Arizona v. Fulminante, 111 S.Ct. 1246, 1257 (1991) (citing Chapman v. California, 386 U.S. 18, 24 (1967)).[2] Rooke did not contest that he had committed the prior felony; in fact, he revealed his prior conviction during testimony before the jury on the substantive charge. Instead he offered only a technical challenge to the certified record of the prior felony conviction. We are confident that had the jury considered the prior felony allegation, the result would have been no different.
 
 
 6
 Rooke urges, however, that a waiver of jury trial of a prior felony allegation is a "structural" defect in his trial that can never be harmless. Fulminante describes such defects, including the "total deprivation of the right to counsel," as those which affect the "entire conduct of the trial from beginning to end." Fulminante, 111 S.Ct. at 1265 (citations omitted).
 
 
 7
 Rooke's waiver of jury consideration of the alleged prior felony falls outside the scope of "structural defects." The truth or falsity of the allegation had no effect upon Rooke's liability for the substantive offense. Rather, the alleged prior felony was relevant only for sentencing purposes. The prior felony issue and its resolution therefore affected only a portion of the trial.
 
 
 8
 California courts apply harmless error analysis in this context. See, e.g., People v. Guzman, 755 P.2d 917, 950 (Cal.1988) (involving trial court's erroneous statement that defendant had a right to a hearing, rather than a jury trial, on prior felony allegations), cert. denied, 488 U.S. 1050 (1989). Moreover, we conducted harmless error review of a California petitioner's due process claim that he had been denied jury consideration of an alleged prior felony. See Miller v. Vasquez, 868 F.2d 1116, 1118 (9th Cir.1989).[3] Finally, the question of voluntariness alone is insufficient to withdraw Rooke's claim from harmless error scrutiny. See, e.g., Fulminante, 111 S.Ct. at 1265 (admission of involuntary confession subject to harmless error analysis).
 
 III
 
 9
 We further agree with the district court that Rooke failed to show prejudice arising from his counsel's deficient performance. In the context of a guilty plea that is the product of alleged ineffective assistance, the standard of prejudice is "a reasonable probability, that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). However, Rooke neither waived his right to jury trial on the underlying offense nor raised a substantive challenge to the prior felony allegation.
 
 
 10
 Under those circumstances, we think it proper to ask whether the outcome of the proceeding would have been affected. See Strickland, 466 U.S. at 694.[4] We conclude that an informed demand for bifurcation would have yielded the same result. Therefore, Rooke received no ineffective assistance.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 See People v. Bracamonte, 174 Cal.Rptr. 191, 195 (Ct.App.1981). Recently another division of the Court of Appeal rejected Bracamonte, holding that neither constitutional considerations nor fairness concerns require bifurcation under these circumstances. The California Supreme Court is reviewing that decision. See People v. Saunders, 285 Cal.Rptr. 485 (Ct.App.), review granted, 818 P.2d 1152 (Cal.1991). Neither party suggests that the right was unavailable to Rooke
 
 
 [2]
 We need not consider whether the standard for harmless error articulated in Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993) (asking whether an error "had substantial and injurious effect or influence in determining the jury's verdict") applies in this case because even under the more stringent Chapman standard the presumed constitutional error was harmless
 
 
 [3]
 Rooke asserted at oral argument that Miller is inapplicable because in that case we found that jurors implicitly considered the prior felony issue when they determined Miller's guilt on the substantive offense. See id. We disagree. The application of harmless error review in Miller necessarily differs from its application in this case, because here it cannot be said that jurors gave implicit consideration to the prior felony issue. We rely upon Miller solely for the proposition that waiver of jury trial on a prior felony allegation under California law is subject to harmless error analysis
 
 
 [4]
 Rooke's reliance upon United States v. Balough, 820 F.2d 1485, 1490 (9th Cir.1987), is misplaced because that case involved the actual denial of counsel at sentencing. Cf. Fulminante, 111 S.Ct. at 1265 ("total deprivation of the right to counsel" bars harmless error review)