26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
John Doe HUNTER, Defendant-Appellee.
 No. 94-30010.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1994.*
Decided June 9, 1994.
 
 Before: WRIGHT, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court granted defendant John Doe Hunter's motion for a new trial following his conviction for possessing crack cocaine with the intent to distribute it. 21 U.S.C. Sec. 841(a)(1).[1] We have jurisdiction of the government's appeal under 18 U.S.C. Sec. 3731. We affirm.
 
 I. FACTS
 
 3
 Spokane County Police SWAT team officers arrested Hunter during a warrant search of a suspected drug dealer's home.[2] He was strip-searched by SWAT team leader Allen Quist. Quist found $460 in cash and a small bag of marijuana in an inside pocket of Hunter's baseball-type jacket. He was also searched by Officer Saunders, the veteran patrolman who transported him to the police station. Saunders did not report finding anything. Hunter was booked by Corrections Officer Cheryl Tower. He was not handcuffed and was carrying his jacket.
 
 
 4
 What happened next is unclear. Tower claims that she found a plastic sandwich bag with a baseball-sized bundle of crack cocaine packets (totalling 57 grams) in Hunter's outside jacket pocket. She claims that Hunter said "they overlooked that" as she removed the bag. But Hunter claims that another officer came in with a brown paper bag and whispered to Tower, who then turned and said "look what we (or I) found."
 
 
 5
 Hunter's motion to suppress the cocaine was denied and he was convicted following a jury trial. Judge Quackenbush denied his motion for a judgment of acquittal but granted his motion for a new trial.
 
 II. ANALYSIS
 
 6
 A new trial leaves the ultimate decision in the hands of a jury, so the trial judge has enormous leeway to grant a new trial motion. United States v. A. Lanoy Alston, D.M.D., P.C., 974 F.2d 1206, 1212 (9th Cir.1992). We review such grants for clear and manifest abuse of discretion. Id. Although this deferential standard does not insulate a district judge's decision from review, see Roy v. Volkswagen of America, Inc., 896 F.2d 1174, 1179 (9th Cir.1990), it does impose a "significant burden" on the government to show an egregious case of abuse. Alston, 974 F.2d at 1212.
 
 
 7
 Because " '[t]he task of safeguarding the rights of criminal defendants ultimately rests with the experienced men and women who preside in our district courts,' " id. (quoting United States v. Balough, 820 F.2d 1485, 1491 (9th Cir.1987) (Kozinski, J., concurring)), " '[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.' " Id. at 1211 (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir.1980), cited with approval in Tibbs v. Florida, 457 U.S. 31, 38, n. 11 (1982)). If " 'the evidence preponderates sufficiently heavy against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.' " Id. at 1211-12.
 
 
 8
 We cannot say that Judge Quackenbush abused his discretion. He found "believable and compelling" the testimony of SWAT commander Quist that he did not find any crack cocaine while strip-searching Hunter at the house. That Saunders did not find any crack during his self-protective search deepened Judge Quackenbush's concern that a miscarriage of justice may have occurred. And he clearly thought that Tower's credibility was dubious, as he recounted at length the numerous inconsistencies between her initial report and her testimony at the suppression hearing and trial.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hunter was also convicted of possessing marijuana, 21 U.S.C. 844, but that conviction was not part of his new trial motion. He was also acquitted of a separate count of violating 21 U.S.C. 841(a)(1)
 
 
 [2]
 The suspected dealer, Terrance Kinard, pleaded guilty. He has filed a notice of appeal challenging his sentence. United States v. Kinard, No. 93-30373