28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard LOWENSTEIN, Defendant-Appellant.
 No. 93-10461.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided July 13, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Leonard Lowenstein appeals his jury conviction for possession of a firearm in violation of 18 U.S.C. Sec. 922(g). The basis of Lowenstein's appeal is that the magistrate judge and the district judge erred in not inquiring into whether Lowenstein was competent to make a knowing and voluntary waiver of his right to counsel and to present his own defense at trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 
 3
 1. Waiver of Counsel.
 
 
 4
 A defendant in a criminal trial has the right to be represented by counsel, but he also has the right to waive counsel and proceed pro se. Faretta v. California, 422 U.S. 806 (1975). It would be constitutional error to deny a defendant the right to represent himself, provided that his waiver of counsel was knowing and voluntary. Lowenstein contends that the magistrate erred in finding that his waiver of counsel was knowing and voluntary. Whether a waiver of the sixth amendment right to counsel was made knowingly, intelligently, and voluntarily is a mixed question of law and fact reviewed de novo. Harding v. Lewis, 834 F.2d 853, 857 (9th Cir.1987), cert. denied 488 U.S. 871 (1988).
 
 
 5
 The magistrate who heard Lowenstein's motion for self-representation had to determine whether Lowenstein's decision to waive counsel was knowing, intelligent, and voluntary. The purpose of the inquiry was to determine whether Lowenstein actually understood the significance and consequences of the decision and whether the decision was uncoerced. See Faretta, 422 U.S. at 835-36 (1975).
 
 
 6
 The preferred procedure to ensure that a waiver is knowingly and intelligently made is for the district court to conduct a hearing to determine if the defendant has an understanding of (1) the nature of the charges against him, (2) the possible penalties, and (3) the dangers and disadvantages of self-representation. United States v. Lorenzo, 995 F.2d 1448, 1457 (9th Cir.), cert. denied, 114 S.Ct 225 (1993) (citation omitted). The purpose of the three part inquiry is to establish that the defendant "knows what he is doing and his choice is made with open eyes." United States v. Balough, 820 F.2d 1485, 1487 (9th Cir1987) (citation omitted). Thus, "[a] waiver of counsel cannot be knowing and intelligent unless the accused appreciates the possible consequences of mishandling these core functions and the lawyer's superior ability to perform them." Id. (citation omitted). "Throughout [the] inquiry, [the] focus [is] on what the defendant understood, rather than on what the court said or understood." Id. at 1487-88.
 
 
 7
 Review of the record shows that the magistrate addressed and discussed with Lowenstein, in a careful manner and in great detail, (1) the nature of the charges against him, (2) the possible penalties, and (3) the dangers and disadvantages of self-representation. Lowenstein's responses to the magistrate, during the colloquy, unconditionally indicated that he understood the perils of self representation and that he wished to represent himself. The magistrate did not err in finding that Lowenstein made a knowing, intelligent, and voluntary waiver of counsel.
 
 2. Lowenstein's Competency to Stand Trial
 
 8
 Lowenstein contends that regardless of whether he made a knowing, intelligent, and voluntary waiver of his right to counsel, his conduct and statements at the Faretta hearing and during the trial should have raised a question as to his competency. He claims that because his competency to stand trial should have been at issue, the magistrate judge and the trial court erred in failing to halt the proceedings in order to determine whether he was competent.
 
 
 9
 When Lowenstein sought to waive counsel, an inquiry into his competency was required if the court had reason to doubt his competence. Godinez v. Moran, --- U.S. ----, 125 L.Ed.2d 321, 333 n. 13 (1993). The constitutional standards of competence to stand trial and to waive the right to counsel are identical. See id. at 331-33. To determine competency a court must inquire whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960).
 
 
 10
 When, as in this case, there has not been a psychiatric evaluation, hearing, or judicial determination of competence, we conduct a "comprehensive" review of the record. De Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir.1976), cert. denied, 429 U.S. 1075 (1977). Our comprehensive review is "not limited by either the abuse of discretion or clearly erroneous standard." Id. The question we ask in our comprehensive review is "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to [Lowenstein's] competency to stand trial." Id.
 
 
 11
 Comprehensive review of the record demonstrates that Lowenstein had a rational understanding of the proceedings against him, and that he was competent to stand trial. As is generally the case when a defendant chooses to waive his right to counsel, the defendant's pro se defense was lacking in the professional quality that is expected of attorneys. This is a result of his choice to forego the professional services of an attorney, not due to any mental incompetence. The prosecution had a virtually indefensible case against Lowenstein. He was admittedly a convicted felon and admittedly in possession of the firearm. Lowenstein's attempt to divert the jury's attention to another statute, and to throw himself on the mercy of the jury, may well have been his best chance of acquittal. His choice to represent himself and the manner in which he conducted his defense do not raise doubt with respect to his mental competence.
 
 CONCLUSION
 
 12
 The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3