46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael P. BRADLEY, Defendant-Appellant.
 No. 93-10551.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1994.
Decided Jan. 9, 1995.
 
 Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Michael Bradley, a chiropractor, was indicted and convicted of ten counts of mail fraud and three counts of tax fraud. He represented himself throughout all relevant portions of the proceedings and was convicted on all counts. The principal issue on appeal is whether we must reverse because the district court did not explicitly apprise the appellant of the dangers of self-representation to ensure that Bradley made a knowing and intelligent waiver of counsel. See, e.g., Hendricks v. Zenon, 993 F.2d 664, 670 (9th Cir.1993); United States v. Balough, 820 F.2d 1485, 1487-88 (9th Cir.1987).
 
 
 3
 It is not disputed that the trial court judge, who was not originally assigned to the case, did not expressly apprise the defendant of the dangers of self-representation, and that the original judge did not so apprise him either. The government contends that we can nevertheless affirm because the four corners of the record reflect that the defendant was aware that he had problems in representing himself. The record in this case, however, does not reflect a knowing and intelligent waiver of the right to counsel so as to come within the narrow exception to the requirement that the court discuss the dangers of self-representation, as well as the charges and the range of possible penalties. Such exception applies only where the record makes it apparent that the defendant had extensive legal background and experience. See Hendricks v. Zenon at 670; Balough at 1488. Indeed, the record here reflects that defendant misunderstood the role of counsel, mistakenly believing that his acceptance of counsel of record would affect the jurisdiction of the court. An express warning of the dangers of self-representation was necessary.
 
 
 4
 The only other issue we need address is the sufficiency of the evidence. The evidence was more than sufficient. Therefore, a new trial is required.
 
 
 5
 REVERSED AND REMANDED FOR A NEW TRIAL.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3