**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randall Loren GLESSNER,**
**Defendant–Appellant.**

No. 00–30148.

D.C. No. CR–99–00048.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2000.

Decided Jan. 5, 2001.

Before B. FLETCHER, FISHER, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Randall Loren Glessner appeals his conviction on twenty-three counts of violating the Internal Revenue Laws, 26 U.S.C. §§ 7206(2), 7212.

■ Glessner contends that he did not make a knowing and intelligent waiver of counsel and that he was therefore denied his Sixth Amendment right. "If a defendant chooses to represent himself ... his decision must be made knowingly and intelligently; that is, a criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self representation...." *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir.1987). Glessner does not challenge the district court's finding that he was competent to waive counsel but argues that the court failed to make the requisite record to establish that the waiver was knowing and intelligent. Our review is *de novo. See United States v. Springer,* 51 F.3d 861, 864 (9th Cir. 1995).

■ The district court discussed with Glessner the dangers and disadvantages of self-representation. It advised him of the possible penalties he faced if convicted. However, the court did not inform Glessner of the nature of the charges against

him. While the magistrate judge read the indictment to Glessner, and the district court gave a copy of the indictment to Glessner and told him to read it, neither the magistrate judge nor the district judge explained the charges or ensured that Glessner understood them. Indeed, at the competency hearing less than two months before trial, Glessner said that for some time he had been trying to figure out what he had been charged with and asked for more information, which the court declined to provide. Absent any specific inquiry by the district court on the record, or other facts demonstrating that Glessner was aware of and understood the charges, we lack assurance that Glessner's waiver was knowing and intelligent. *See Balough,* 820 F.2d at 1487, 1489.[1]

■ Glessner's Sixth Amendment right to counsel having been violated, the judgment must be reversed and the conviction vacated. Ordinarily we would remand for a new trial. However, because Glessner has served most of his sentence, a new trial would be inappropriate and government counsel advised the court at argument that no new trial would be sought. Accordingly, we remand with directions to promptly release Glessner and dismiss the charges against him.

REVERSED and REMANDED.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our disposition makes it unnecessary to address Glessner's contention that the evidence was insufficient to sustain the verdict.