**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David Christopher JOHNSON,**
**Defendant—Appellant.**

**No. 04–10115.**

**D.C. No. CR–02–00064–1–SEH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2005.*

Decided Feb. 9, 2005.

Joseph E. Thaggard, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David Christopher Johnson, Levenworth, KS, pro se.

Before SCHROEDER, Chief Judge, GRABER, and FISHER, Circuit Judges.

MEMORANDUM**

This is an appeal from a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Appellant, David Christopher Johnson, proceeded pro se with standby counsel at trial. The main question on appeal is whether Johnson was adequately advised of the penalty and nature of the charges so as to make his waiver of counsel knowing and intelligent. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Erskine,* 355 F.3d 1161 (9th Cir.2004).

The Appellant at the time of this trial had already dismissed three different counsel. He was apparently unwilling to

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

proceed to trial with any of the appointed counsel because all had rejected the defenses he wished to offer.

In this appeal, Johnson accurately points out that the district court did not, at the time of his *Faretta* hearings, expressly spell out the nature of the charges, the penalty, and the consequences of proceeding pro se. Had the court done so, there would be no need for us to search the record in order to determine whether the Appellant's conduct and the record as a whole establish that he was sufficiently aware of the situation to make a knowing and intelligent waiver of his Sixth Amendment rights. *United States v. Balough,* 820 F.2d 1485, 1488 (9th Cir.1987).

We have conducted that review, however, and it establishes that the waiver was with full knowledge of the nature of the crime charged, the maximum penalty that could be imposed, and the adverse consequences to Johnson of proceeding pro se. *Id.* The trial court raised a question as to competency to stand trial, but this was resolved in a subsequent competency hearing that is not now challenged.

Johnson also contends that the district court erred in failing to dismiss the indictment on the basis of vindictive prosecution. There is no evidence in this record, however, to support such a claim, and the district court correctly denied the motion to dismiss the indictment.

AFFIRMED.