**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10208 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00134-LJO-1 |
| v. | |
| JOSE HERNANDEZ-VELAZQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted June 12, 2014
San Francisco, California

Before: O'SCANNLAIN, SACK[**], and BEA, Circuit Judges.

Defendant-Appellant Jose Hernandez-Velazquez appeals his jury conviction

of four counts of Sexual Exploitation of a Minor under 18 U.S.C. § 2251(a).

Hernandez-Velazquez asserts the district court violated his Sixth Amendment right

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

to counsel when it permitted him to proceed *pro se* without ensuring that his waiver of his right to counsel was "knowing and intelligent." We review the validity of a waiver of a defendant's right to counsel de novo, *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2008), and affirm.

"[T]o deem a defendant's *Faretta* waiver knowing and intelligent, the district court must insure that [the defendant] understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." *Id.* (internal quotation marks omitted). On appeal, Hernandez-Velazquez concedes that "the district court convincingly and thoroughly warned [him] about the dangers of self-representation." However, Hernandez-Velazquez argues that his waiver of counsel was not "knowing and intelligent" because the district court failed to inform him of the nature of the charges against him and the possible penalties. We disagree.

"[A]lthough it is 'only the rare case in which an adequate waiver will be found on the record in the absence of a specific inquiry by the trial judge,' the failure of the district court to engage in a colloquy with the defendant cannot itself be reversible error." *United States v. Gerritsen*, 571 F.3d 1001, 1008 (9th Cir. 2009) (quoting *United States v. Balough*, 820 F.2d 1485, 1488 (9th Cir. 1987)). Rather, when the district court has not made an adequate waiver inquiry, the

"defendant's waiver must be evaluated in light of the record as a whole." *Id.* "Throughout this inquiry, we must focus on what the defendant understood, rather than on what the court said or understood." *Balough*, 820 F.2d at 1487–88.

At Hernandez-Velazquez's April 2011 arraignment, the magistrate judge informed Hernandez-Velazquez that "there's an indictment filed with this Court which charges you with three counts of a violation of Title 18, Section 2251(a). Each – if you are convicted of that offense, each of the counts is punishable by as many as 30 years in custody, and a fine of as much as $250,000." Hernandez-Velazquez's attorney waived further reading of the indictment, but noted that, in fact, "there are four counts with a mandatory minimum of 15 [years] on each." Further, Hernandez-Velazquez admitted that he received two plea offers which stated that he had been charged with "[f]our separate counts of Sexual Exploitation of a Minor (Production of Child Pornography), in violation of Title 18, United States Code, Section 2251(a)" and listed the elements for this crime. When asked by the district court if he "kn[e]w clearly what those plea offers were," Hernandez-Velazquez responded, "Yes." Based on the transcript of the April 2011 arraignment and the two plea offers, we conclude that Hernandez-Velazquez understood both the nature of the charges against him and the possible penalties.

We therefore hold that Hernandez-Velazquez "knowingly and intelligently" waived his right to counsel.

AFFIRMED.