**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2015



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROYLAND RICE,

Defendant - Appellant.

No. 13-10416

D.C. No. 4:12-cr-00818-PJH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted June 8, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Prior to trial, Royland Rice ("Rice") waived his right to counsel pursuant to

*Faretta v. California*, 422 U.S. 806 (1975), and pled guilty to bank robbery and

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Jed. S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

violating the terms of supervised release. Rice contends that his waiver was not knowing and intelligent because he did not understand the nature of the charges or the penalties he faced. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm because the transcript of the *Faretta* hearing and other evidence in the record indicate that Rice adequately understood the charge and maximum penalty.

Just as an accused who faces incarceration has the right to counsel at all critical stages of the criminal justice process, *Maine v. Moulton*, 474 U.S. 159, 170 (1985), a criminal defendant is entitled to waive his Sixth Amendment right to counsel. *See Faretta*, 422 U.S. at 807. Such a waiver must be knowing and intelligent; "that is, a criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation . . . ." *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987). The burden of proving the sufficiency of the waiver rests with the government. *United States v. Mohawk*, 20 F.3d 1480, 1484 (9th Cir. 1994).

Reviewing the waiver determination de novo, *United States v. French*, 748 F.3d 922, 929 (9th Cir. 2014), we conclude that the government satisfied its burden because Rice was advised that he was charged with bank robbery, and the district court

obtained oral and written confirmation that Rice understood the charge.[1] Similarly, the hearing transcript clearly shows that Rice confirmed verbally and in writing he understood that he faced a maximum penalty of twenty years. Last, Rice acknowledged that he understood the perils of self-representation after receiving warnings from Magistrate Judge Ryu and Judge Hamilton.

Rice contends he did not knowingly and intelligently waive his right to counsel because he was not informed that he could be sentenced as a career offender under the Sentencing Guidelines, in which case his sentence would be dramatically increased. Our cases do not require such an advisement in order for a waiver of the right to counsel to be knowing and intelligent. They require instead that the defendant be advised of the correct maximum penalty he faces. *See, e.g.*, *United States v. Forrester*, 512 F.3d 500, 507 (9th Cir. 2008); *United States v. Erskine*, 355 F.3d 1161, 1165 (9th Cir. 2004). Here, there is no dispute that Rice knew the correct maximum penalty, which was twenty years.

_____

[1] Rice contends he did not know that he had also been charged with violating the conditions of his supervised release, and that he therefore could not have knowingly and intelligently waived his right to counsel. To the extent Rice is arguing that he had a constitutional right to counsel in the supervised release revocation proceeding, which he did not knowingly and intelligently waive, Rice is mistaken. A defendant does not have a constitutional right to counsel in such proceedings. *United States v. Spangle*, 626 F.3d 488, 494 (9th Cir. 2010).

The district court's review of Rice's competence, education, and experience ensured Rice had the "minimum necessary knowledge" to make a knowing and intelligent waiver. *Arrendondo v. Neven*, 763 F.3d 1122, 1131 (9th Cir. 2014). Rice's petition and statements during his arraignment established that he had graduated from high school, attended some junior college and trade school, obtained a paralegal certificate, taught legal research and writing, and had previously acted as his own attorney in two prior matters, one of which was a bank robbery charge tried on the merits. The court's questioning of Rice, viewed in light of his background, experience, and education, demonstrates he understood the nature of the charges, possible penalties, and disadvantages of self-representation.

**AFFIRMED.**