**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 31 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10343 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00012-LJO-SKO-1 |
| v. | |
| EDWARD PAUL CRAGG, AKA Eddie Paul Cragg, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted March 4, 2020
San Francisco, California

Before: SILER,[**] WARDLAW, and M. SMITH, Circuit Judges.

Edward Cragg appeals his conviction and sentence for receipt of material

involving the sexual exploitation of minors, 18 U.S.C. § 2252(a)(2), and the district

court's denial of his motion to suppress statements made to law enforcement. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm the denial of the motion to suppress, and we vacate the conviction and remand.

Cragg argues that we should vacate his conviction and remand this case for a new trial because he did not knowingly and intelligently waive his right to trial counsel.  "Whether a defendant knowingly and intelligently waived his right to counsel is a mixed question of law and fact, reviewed de novo."  *United States v. Hantzis*, 625 F.3d 575, 579 (9th Cir. 2010).  While "the district court need not follow a particular script when conducting a *Faretta* hearing, it must ensure that the defendant 'understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation.'"  *Id.* at 579-80 (quoting *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004)).  The burden is on the government to prove that the waiver was knowing and intelligent, and it is a heavy burden that requires us to "indulge in all reasonable presumptions against waiver."  *United States v. Forrester*, 512 F.3d 500, 507 (9th Cir. 2008).

Cragg concedes that the district court warned him of the dangers and disadvantages of self-representation.  With regard to understanding the nature of the charges against him, Cragg noted that he had "been made well aware of all [the] facts and charges," during his colloquy with the district court.  That is sufficient to demonstrate that Cragg understood the nature of the charges against him.  *Cf. United States v. Audette*, 923 F.3d 1227, 1235 (9th Cir. 2019) ("In

18-10343

response to questions from the court, Audette said that he had read the indictment and understood the charges against him.").

However, the government is unable to point to any part of the record where the district court either informed Cragg of the possible penalties or specifically asked him if he was aware of the possible penalties before his waiver. The government instead directs us to the transcript of Cragg's arraignment before a magistrate judge. While the magistrate judge did explain the possible penalties, Cragg did not himself indicate that he understood them. Moreover, we have cautioned against looking at the record as a whole, *see United States v. Balough*, 820 F.2d 1485, 1488 (9th Cir. 1987), and instead direct our inquiry to the defendant's understanding "at the particular stage of the proceedings at which [the defendant] purportedly waived his right to counsel." *United States v. Gerritsen*, 571 F.3d 1001, 1010 (9th Cir. 2009) (citing *Erskine*, 355 F.3d at 1169) (emphasis omitted). Cragg did not indicate on the record that he understood the possible penalties before he purportedly waived his right to counsel. Thus, the government has failed to meet its burden of proving that Cragg's *Faretta* waiver was knowing and intelligent. *Cf. United States v. Rylander*, 714 F.2d 996, 1005 (9th Cir. 1983) ("There is also no indication in the record that Rylander understood the possible penalties at the time he waived counsel. The district judge did not discuss the penalties that might be imposed until he took up the motion for a jury trial, after

Rylander's waiver of counsel."). Because "the failure to meet the requirements for a valid *Faretta* waiver constitutes per se prejudicial error," *Erskine*, 355 F.3d at 1167, we vacate Cragg's conviction and remand for a new trial.

In light of the remand, we need address only one other issue in this appeal—whether Cragg's prearrest statements to law enforcement should have been suppressed because they were made involuntarily. Cragg contends that his prearrest statements were involuntary due to officers' threats that Cragg would suffer adverse consequences if he exercised his right to remain silent. We review de novo a district court's conclusion that a statement was voluntary. *United States v. Preston*, 751 F.3d 1008, 1020 (9th Cir. 2014) (en banc). "A confession is involuntary if coerced either by physical intimidation or psychological pressure." *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003). "While a confession accompanied by physical violence is *per se* involuntary, psychological coercion provokes no *per se* rule." *United States v. Miller*, 984 F.2d 1028, 1030 (9th Cir. 1993) (citations omitted). "The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988). However, "there are *no* circumstances in which law enforcement officers may suggest that a suspect's exercise of the right to remain silent may result in harsher

treatment by a court or prosecutor." *United States v. Harrison*, 34 F.3d 886, 891-92 (9th Cir. 1994).

The core of Cragg's challenge concerns the following statement from Detective Timothy Redd:

> Um, because what's gonna happen next is, um, after we're done talkin', obviously, we're gonna do imaging on all your systems, all your hard drives, everything. And if it's something that you haven't told us, it could look worse later on down the road. So, now's the time to say, hey, you know, here's everything. Here's what I did. Here's what I do. Here's why I am doin' this type of thing or whatever the case is.

Cragg asserts that Redd threatened him with harsher treatment if he invoked his right to remain silent. However, considering those statements in context, Cragg had already been talking to the officers and was not attempting to invoke his right to remain silent. Rather, the statement is best interpreted as instructing Cragg to be honest. Redd was merely warning Cragg, who was already talking with him, that if he was not honest in his statements to police, it could make the situation he was in worse. That conduct is not impermissible under our precedent. Considering the totality of the circumstances here, Cragg's statement was voluntary. *Cf. United States v. Bautista-Avila*, 6 F.3d 1360, 1364 (9th Cir. 1993) (holding that it was not coercive for law enforcement to suggest that "the court might favorably consider [the defendant's] cooperation").

We **AFFIRM** the district court's denial of Cragg's motion to suppress. We **VACATE** Cragg's conviction and **REMAND** for further proceedings consistent

18-10343

with this opinion.