**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR URBINA-ALVAREZ, AKA Isidro Venegas De Los Angeles, AKA Isidro De Los Angeles Venegas, | No.  16-70631 |
| Petitioner, | Agency No. A078-099-986 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2022
Pasadena, California

Before:  McKEOWN and IKUTA, Circuit Judges, and DANIELS,** District Judge.

The petitioner, who is referred to by both parties as "Venegas," claims that

the Board of Immigration Appeals ("BIA") erred in upholding the decision of an

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

immigration judge ("IJ") because the IJ violated Venegas's due process rights. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We reject Venegas's argument that the IJ violated Venegas's statutory right to counsel under 8 U.S.C. § 1362, which is the basis of Venegas's first due process claim. The IJ "inquire[d] specifically as to whether petitioner wishe[d] to continue without a lawyer," *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004), by asking Venegas multiple times, and in two separate proceedings, whether Venegas wanted to continue without representation. And the IJ "receive[d] a knowing and voluntary affirmative response," *id.*, from Venegas, who consistently chose to continue pro se. Because the IJ did all that was required to obtain Venegas's knowing and voluntary waiver of his statutory right to counsel, Venegas did not suffer any violation of his due process rights. *See id.*; *see also Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005). Contrary to Venegas's argument, the IJ had no obligation in this context to engage in a colloquy designed to protect a criminal defendant's Sixth Amendment rights. *Cf. United States v. Balough*, 820 F.2d 1485, 1487–88 (9th Cir. 1987).

Venegas's second argument, that the IJ erred by failing to advise him of certain information and rights pursuant to 8 C.F.R. § 1240.10(a), is belied by the record. The IJ advised Venegas of his right to representation, as explained above.

*See Id.* § 1240.10(a)(1).  Venegas was also advised of "the availability of pro bono legal services," as he was provided a list of organizations and attorneys which provide free legal services at the time he was personally served with the Notice to Appear.  *Id.* § 1240.10(a)(2).  Further, the IJ informed Venegas of relevant evidentiary rights and procedures, *id.* § 1240.10(a)(4), and indeed, Venegas was able to submit a wide range of documents and evidence on appeal.  Because the IJ did not violate any of his obligations under § 1240.10(a), Venegas did not suffer any violation of his due process rights.[1]

**PETITION DENIED.**

---

[1] Venegas waived any challenge as to other duties arising under § 1240.10(a) by failing to distinctly raise such challenges in his opening brief.  *See, e.g.*, *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).