UNITED STATES of America, Plaintiff–Appellee,

v.

Hyla Marie CLAPIER, Defendant–Appellant.

No. 00–30250.

D.C. No. CR–99–120–S–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2001 *.

Decided May 29, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FERGUSON, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Hyla Marie Clapier ("Clapier") appeals following her conviction for fraudulently passing a fictitious financial instrument and aiding and abetting the fraudulent passing of a financial instrument in violation of 18 U.S.C. §§ 2, 514(a)(2). Clapier claims that she did not knowingly, intelligently, and unequivocally waive her Sixth Amendment right to counsel, and that the District Court violated her rights under the Sixth and Fifth Amendments by refusing to admit a book entitled "Redemption" into evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Whether a defendant's waiver of her right to counsel was made knowingly, intelligently, and unequivocally is reviewed de novo. *United States v. Lopez–Osuna,* 242 F.3d 1191, 1198 (9th Cir.2000). In ascertaining whether a defendant's waiver of counsel was knowing and intelligent, we examine the record for proof that the defendant was aware of the nature of the charges against her, understood her constitutional right to have a lawyer perform the core functions of the trial, and appreciated both the consequences of her mishandling those core functions and a lawyer's superior ability to navigate them. *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir.1987).

The record establishes that Clapier was fully informed of the benefits of counsel

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

and duly warned about the "dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (citation omitted). On several occasions, the District Court engaged in a lengthy colloquy with Clapier regarding her decision to waive counsel. The District Court reiterated the nature of the charges, cautioned Clapier against representing herself, explained that she would be held responsible for compliance with procedural and evidentiary rules, and repeatedly characterized the benefits of representation by qualified counsel. That Clapier understood these admonitions is evidenced by her statements acknowledging the seriousness of the charges, the difficulty of proceeding pro se, and the importance of experienced counsel.

Clapier contends that her waiver was not unequivocal because she stated at various times that she was "in want of counsel." A defendant's waiver of counsel is unequivocal provided that: (1) the defendant was not seeking to waive her right in a thoughtless manner; (2) she persisted despite the trial court's having engaged her in extensive discussion about the dangers of proceeding pro se; and (3) her request did not appear to be "a momentary caprice or the result of thinking out loud." *Adams v. Carroll*, 875 F.2d 1441, 1445 (9th Cir.1989). The record indicates that Clapier gave the issue serious thought and repeatedly expressed her decision to proceed pro se after a lengthy discourse with the District Court on the disadvantages of self representation. Nothing shows that her decision was motivated by whim or caprice. Moreover, in viewing the record as a whole, it is clear that Clapier understood the dangers and disadvantages of self representation and elected to defend herself with her "eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525 (citation and internal quotation marks omitted).

■ Next, Clapier contends that the District Court committed reversible error when it excluded from evidence a book which allegedly influenced her decision to pass the sight draft. Specifically, she asserts that the District Court's evidentiary ruling deprived her of a fair trial under the Sixth Amendment and due process under the Fifth Amendment. To evaluate whether exclusion of evidence violates constitutional rights, we must balance the importance of the evidence proffered by a defendant against the Government's interest in exclusion. *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir.1990). We consider the following factors: (1) the probative value of the evidence on the central issue and its reliability; (2) whether it is capable of evaluation by the trier of fact; (3) whether it is the sole evidence on the issue or merely cumulative; and (4) whether it constitutes a major part of the attempted defense. *Id.* (citations omitted).

The *Tinsley* factors weigh heavily against Clapier. First, the book was neither highly probative of Clapier's innocence, nor was it reliable. Clapier testified that the book was not the one she had consulted prior to passing the sight draft. Rather, it was a copy she had obtained the day before testifying. Moreover, she had difficulty recalling who had given her the original book, what information it contained, or which portions of it related to sight drafts.

Second, the book would have been difficult for the jury to evaluate. It contained numerous law-related passages, including legal definitions and sample pleadings. Clapier's failure to recollect which portions of the book informed her decision to pass the sight draft would have left the jury to speculate as to which pages Clapier read and what they meant to her.

Third, the book was not the sole evidence on the issue of Clapier's intent.

Clapier testified at length regarding her lack of criminal intent and questioned the Government's witnesses on the issue. Further, she was permitted to testify extensively about the source of the book, its contents, and the effect it had upon her decision to pass the fictitious sight draft.

Finally, the book was not central to Clapier's defense. Rather, it was introduced at the end of her testimony and did not affect her ability to testify about other individuals from whom she learned about sight drafts. We conclude that the District Court's decision to exclude the book did not violate Clapier's constitutional rights.

AFFIRMED.