**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Jerome Henry CALHOUN, Defendant—
Appellant.**

No. 03–50082.
D.C. No. CR–02–00722–NM.

United States Court of Appeals,
Ninth Circuit.

Submitted July 19, 2005.*

Decided July 27, 2005.

Office of the U.S. Attorney Criminal Division, Sandra R. Bodner, Office of the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Plaintiff-Appellee.

Elizabeth A. Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant-Appellant.

Before THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM**

Defendant-appellant Jerome Henry Calhoun appeals his conviction for making and causing to be made false, fictitious, or fraudulent claims against the United States, in violation of 18 U.S.C. §§ 287 and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm Calhoun's conviction but remand this case to the district court for the limited purpose of permitting it to consider Calhoun's sentence in accordance with *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), and *United States v. Moreno–Hernandez,* —— F.3d ——, ——, 2005 WL 1560269, at *9 (9th Cir. July 5, 2005).

Calhoun argues that the judges presiding over his hearings and trial failed to ensure he understood the nature of the charges he was facing and the dangers of self-representation, thus invalidating his conviction. *See Iowa v. Tovar,* 541 U.S. 77, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004); *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Erskine,* 355 F.3d 1161, 1166, 1169–70 (9th Cir.2004); *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir. 1987).

** This disposition is not appropriate for publication and may not be cited to or by the

**A. Nature of the Charges**

Calhoun contends that a defendant can only be made aware of the nature of the charges by being informed of their elements. This argument fails.

We have stated that "perfect comprehension of each element of a criminal charge does not appear to be necessary to a finding of a knowing and intelligent waiver." *United States v. Robinson,* 913 F.2d 712, 715 (9th Cir.1990). The inquiry is whether a defendant "understand[s] why he [is] in court and what charges [are] pending against him." *United States v. Lopez–Osuna,* 242 F.3d 1191, 1200 (9th Cir.2000).

■ The record establishes that Calhoun possessed this understanding. He indicated during his detention hearing that he had read and understood the indictment. At his bail review hearing, the charges were read to him and he said he understood them. *See United States v. Farhad,* 190 F.3d 1097, 1098 (9th Cir.1999) (holding defendant was "clearly appraised of the nature of the charges against him" when he was "warned ... that he was charged with 19 counts" of mail fraud). Of course, it is one thing to indicate understanding and another to demonstrate it. Calhoun demonstrated it when he correctly, albeit imprecisely, stated that "[t]he charges are concerned with false documentation and obtaining a refund." The fact that this statement and the court's response were colloquial "does not detract from their force or effect." *Lopez v. Thompson,* 202 F.3d 1110, 1118 (9th Cir. 2000).

**B. Dangers and Disadvantages of Self–Representation**

Calhoun maintains he was not made aware of the dangers and disadvantages of

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

self-representation because he was not informed of certain "core functions" he would have to perform as his own attorney, namely, how to select a jury, make an opening statement and closing argument, conduct witness examinations, and make trial and post-trial motions. *See United States v. Kimmel*, 672 F.2d 720, 721 (9th Cir.1982). We disagree.

Although we have "suggested ... a preferred procedure for federal district courts to follow" in informing a defendant of the dangers of self-representation, *Lopez*, 202 F.3d at 1117, we do not prescribe the recitation by the district court of a "particular script" of specific core functions a defendant must understand before a waiver is knowing and intelligent. *See Erskine*, 355 F.3d at 1168. We have held several times that a defendant's waiver was knowing and intelligent despite the district court's failure to inform him of all of the core functions for which Calhoun argues. *See, e.g., Farhad*, 190 F.3d at 1100 (holding defendant was aware of dangers of self-representation when judge informed him that he was "expected to ask questions, make arguments, and observe the rules of evidence and courtroom procedure"); *United States v. Arlt*, 41 F.3d 516, 521 (9th Cir.1994) (holding same when judge informed defendant that although he had limited access to legal resources, he had to "meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom," and that he "would be required to prepare jury instructions").

Here, in two lengthy colloquies with different judges, Calhoun was advised, readvised, and advised again about the dangers of self-representation. He was told he would receive no special treatment from the court, he would be facing an experienced prosecutor, he would be required to follow the rules of evidence and procedure, he would be required to examine witnesses by questioning them, he would need to file motions, and that those motions would have to be in proper form.

Calhoun also demonstrated he understood the difference between a bench and jury trial and that he would be presenting his case to a jury. He was admonished repeatedly that an attorney would do a better job in performing these functions and that he was being foolish and unwise for not accepting representation by the public defender. Calhoun stated he understood the court's concerns, but despite the warnings, maintained his desire of self-representation. Finally, the district court specifically found Calhoun made an informed waiver, a finding this court considers "influential." *Farhad*, 190 F.3d at 1100.

It is abundantly clear from the record that Calhoun " '[knew] what he [was] doing and his choice [was] made with eyes open.' " *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

## C. Sentencing Challenges

■ Finally, relying on *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Calhoun challenges the district court's enhancement of his sentence based upon its determination of the amount of tax loss, his job as a tax preparer, and his use of sophisticated means. Because Calhoun did not argue *Booker* error in the district court, we grant a "limited remand" to permit the district court to consider Calhoun's sentence pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc), and *United States v. Moreno–Her-*

*nandez,* —— F.3d ——, ——, 2005 WL 1560269, at *9 (9th Cir. July 5, 2005).

**AFFIRMED and REMANDED.**[1]

---

**1.** Calhoun's motion to withdraw his argument that *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), invalidated the Sentencing Guidelines in their entirety *is* GRANTED.

