**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10109 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:17-cr-00360-JJT-1<br>2:17-cr-00360-JJT |
| v. | |
| ABDUL KHABIR WAHID, AKA AK,<br>AKA Abdul Khabir Hyman, AKA Marion<br>Marshall Hyman, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted July 27, 2021[**]
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and LAMBERTH,[***] District Judge.

Abdul Khabir Wahid appeals the district court's order granting his motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

represent himself in his case. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether a waiver of the right to counsel was made knowingly, intelligently, and voluntarily. *United States v. Lopez-Osuna*, 242 F.3d 1191, 1198 (9th Cir. 2000). "In order for a waiver of the right to counsel to be knowing and intelligent, the defendant must be made aware of the 'three elements' of self-representation: '(1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation.'" *Id.* at 1199 (quoting *United States v. Hernandez*, 203 F.3d 614, 623–24 (9th Cir. 2000)).

The district court sufficiently advised Wahid of the elements of self-representation. The court stated the charges against Wahid and explained the possible penalties. Contrary to Wahid's assertion, the district court was not required to list the elements of the charges. *See id.* ("This court has refrained from requiring the district court to use a particular script when conducting an inquiry into whether a defendant knowingly and intelligently waived the right to counsel."); *see also United States v. Calhoun*, 143 F. App'x 28, 29 (9th Cir. 2005) (finding that the argument "that a defendant can only be made aware of the nature of the charges by being informed of their elements . . . fails").

The court likewise sufficiently conveyed the consequences of proceeding pro se by explaining that it would not give Wahid legal advice, that it would hold

2

him to the same evidentiary and procedural rules as a trained lawyer, that it would expect him to comply with all court orders, that he might be stretched too thin given his pending civil case, and that he would likely be unable to defend himself as effectively as a trained lawyer. These warnings were sufficient to ensure that Wahid made his decision to proceed pro se with "eyes open." *Faretta v. California*, 422 U.S. 806, 835 (1975) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)); *see also United States v. Clapier*, 40 F. App'x 455, 456–57 (9th Cir. 2002) (finding waiver valid where the district court cautioned the defendant "against representing herself, explained that she would be held responsible for compliance with procedural and evidentiary rules, and repeatedly characterized the benefits of representation by qualified counsel").

Wahid argues that the district court erred in allowing him to waive counsel without clearing up his misconception that his appointed attorneys were part of the Department of Justice. Even if Wahid had this misconception, that alone does not invalidate his waiver. There is no indication that Wahid thought his attorneys were controlled by the prosecution. Instead, Wahid's statements to the court suggest that he was dissatisfied with his attorneys' performance.

**AFFIRMED.**

3