UNITED STATES of America,
Plaintiff–Appellee,

v.

Douglas Dale KIENENBERGER,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Douglas Dale KIENENBERGER,
Defendant–Appellee.

Nos. 92–30382, 93–30048.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1993.*

Decided Jan. 11, 1994.

---

5. *See* treatises cited at note 2, *supra*.

* The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Allison E. Mendel, Mendel & Huntington, Anchorage, AK, for defendant-appellant/cross-appellee.

Robert E. Lindsay, Alan Hechtkopf, Scott A. Schumacher, Tax Div., Dept. of Justice, Washington, DC, for plaintiff-appellee/cross-appellant.

Before: TANG, FARRIS and RYMER, Circuit Judges.

FARRIS, Circuit Judge:

Defendant Douglas Kienenberger appeals his convictions on five counts of willfully attempting to evade federal income taxes in violation of 26 U.S.C. § 7201 and seven counts of falsely representing a social security number in violation of 42 U.S.C. § 408(a)(2). The government cross-appeals, arguing that the district court erred in its application of the Sentencing Guidelines by not including "tax loss" from pre-Guidelines years when it computed defendant's base offense level. We have jurisdiction of the timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the conviction, vacate the sentence and remand for resentencing.

## I. Facts

Kienenberger did not file tax returns for the years 1985 through 1989 and he used numerous false social security numbers on W-4 forms from different employers. During the years at issue, Kienenberger worked primarily as an electrician for several companies in Alaska.

Kienenberger was advised of his right to counsel at various hearings prior to his jury trial. He stated on several occasions that he wanted "assistance" of counsel on procedural matters but did not want counsel to repre-

sent him. At his arraignment, a public defender was appointed to represent him. Kienenberger was not satisfied with his court-appointed counsel and filed several Notices of Misrepresentation. This led to replacement of Kienenberger's original counsel with a second public defender.

Kienenberger continued to file Notices of Misrepresentation, and the second public defender moved to withdraw from the case. At a hearing on April 24, 1992 on counsel's motion to withdraw, the court informed Kienenberger that he had a constitutional right to either represent himself or be represented by counsel, but that he had no such right to "hybrid" counsel. Kienenberger continued to insist that he wanted to represent himself, but that he wanted "advisory" counsel to assist him on procedural matters. The court denied counsel's motion to withdraw, and Kienenberger was represented by the second public defender at the jury trial. Kienenberger was convicted on all counts and was sentenced to nine months in prison with three years supervised release.

## II. Kienenberger's Appeal

■ Kienenberger argues that reversal of the convictions is warranted because he was denied his constitutional right to self-representation. Factual findings of the district court (the basis of its decision to allow a defendant to proceed pro se) are reversible only if clearly erroneous. *United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986). To invoke the Sixth Amendment right to self-representation, a defendant must "knowingly and intelligently" relinquish his right to counsel, *see Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), and his request to represent himself must be unequivocal. *Jackson v. Ylst,* 921 F.2d 882, 888 (9th Cir.1990). We have reviewed the record. While Kienenberger, on numerous occasions, requested that he be "counsel of record," his requests were always accompanied by his insistence that the court appoint "advisory" or "standby" counsel to assist him on procedural matters. Kienenberger never relinquished his right to be represented by counsel at trial. His re-

quests to represent himself were not unequivocal. The district court did not err.

■ Kienenberger also argues that the district court should have allowed his request to represent himself and have access to "advisory" or "consultative" counsel at trial. A defendant does not have a constitutional right to "hybrid" representation. *See McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984). We have so held. *See Locks v. Sumner,* 703 F.2d 403, 407–08 (9th Cir.1983), *cert. denied,* 464 U.S. 933, 104 S.Ct. 338, 78 L.Ed.2d 307 (1983). Contrary to Kienenberger's assertion, the district court fully understood the nature of Kienenberger's request for advisory counsel. It did not abuse its discretion in denying that request. *United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 154, 98 L.Ed.2d 110 (1987).

## III. The Government's Cross–Appeal

■ We review the district court's application of the Sentencing Guidelines *de novo.* *United States v. Fagan,* 996 F.2d 1009, 1017 (9th Cir.1993). The base offense level for a defendant convicted of tax evasion is based on the "tax loss" to the government. U.S.S.G. § 2T1.1. The Guidelines specify that when imposing a sentence for offenses which require grouping of multiple counts, including tax evasion, a court should consider "*all* acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (emphasis added). Application Note 2 to § 2T1.1 specifically lists examples of acts and omissions that are presumed to be "part of the same course of conduct or common scheme or plan" for purposes of § 1B1.3(a)(2). One such example is "a continuing pattern of violations of the tax laws by the defendant." U.S.S.G. § 2T1.1, comment. (n. 2).

Kienenberger was convicted of tax evasion for the years 1985 through 1989. The government also alleged that Kienenberger has failed to file a bona fide tax return since 1979. In calculating Kienenberger's base offense level, the district court only took into account tax loss from the 1987, 1988 and 1989

convictions. The district court ruled that inclusion of pre-Guidelines conduct would violate the *ex post facto* clause of the Constitution.

■ The *ex post facto* clause prohibits any statute "which makes more burdensome the punishment for a crime, after its commission." *Collins v. Youngblood,* 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169, 46 S.Ct. 68, 70 L.Ed. 216 (1925)). The Sentencing Guidelines were in effect when Kienenberger evaded his 1987, 1988 and 1989 federal income taxes. Thus, the punishment for post-Guidelines conduct is not being imposed retroactively. Numerous other Circuits have explicitly held that enhancement of a sentence under § 1B1.3(a)(2) for a post-Guidelines offense based on relevant conduct associated with crimes that were committed prior to the effective date of the Guidelines does not violate the *ex post facto* clause. *United States v. Regan,* 989 F.2d 44, 48 (1st Cir.1993) (pre-guidelines conduct used to determine sentence for embezzlement); *United States v. Haddock,* 956 F.2d 1534, 1553–54 (10th Cir.) (pre-Guidelines conduct used to calculate amount of loss), *reh'g granted on other grounds,* 961 F.2d 933 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 88, 121 L.Ed.2d 50 (1992); *United States v. Cusack,* 901 F.2d 29, 32 (4th Cir.1990) (pre-Guidelines conduct used to calculate amount of drugs); *United States v. Ykema,* 887 F.2d 697, 700 (6th Cir.1989) (same); *United States v. Allen,* 886 F.2d 143, 145–46 (8th Cir.1989) (same). We join those Circuits in so holding.[1]

We remand so that the district court can determine whether Kienenberger's pre-Guidelines convictions (for the years 1985 and 1986) were part of the same course of conduct or common scheme or plan as the

post-Guidelines convictions. In making this determination, the district court should apply Application Note 2 to § 2T1.1 which establishes a presumption that a continuing pattern of tax law violations should be considered part of the same course of conduct. The district court should also include uncharged pre-Guidelines conduct in its calculation of tax loss if (1) it is part of the same course of conduct as the post-Guidelines convictions and (2) the government can prove the loss by a preponderance of the evidence.[2] *See United States v. Restrepo,* 903 F.2d 648, 654 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

1. Because the government does not appeal the district court's failure to sentence Kienenberger's pre-Guidelines convictions under the Guidelines, we do not address whether tax evasion is a "continuing offense." If tax evasion is a continuing offense (i.e. the offense was initiated before the Guidelines' effective date but was completed after that date), *United States v. Castro,* 972 F.2d 1107, 1112 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993), the sentencing of pre-Guideline convictions under the Guidelines would not violate

the *ex post facto* clause. *See United States v. Gray,* 876 F.2d 1411 (9th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990).

2. Kienenberger did not raise a statute of limitations defense to the inclusion of uncharged pre-Guidelines tax losses in response to the government's appeal of his sentence. That issue was not briefed and is waived.