62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Patrick LONG, Defendant-Appellant.
 No. 94-10445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1995.
Decided July 31, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph Patrick Long appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e). The appellant also appeals his sentence under the Armed Career Criminal Act.
 
 I. Miranda Rights
 
 3
 First, Long claims that he was improperly questioned by the police officer who took him into custody. These statements were then erroneously admitted by the district court. We find, however, that the district court did not err in concluding that the appellant had waived his right to remain silent under Miranda v. Arizona, 384 U.S. 436 (1966). See Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1031 (1992).
 
 II. Voluntariness Hearing
 
 4
 For the first time on appeal, Long alleges that the district court erred in failing to hold a voluntariness hearing sua sponte. Long claims that reversal is warranted because his in-custody statements were elicited by deception constituting psychological coercion. This circuit has held that, unless evidence tends to show a lack of voluntariness, no Jackson v. Denno hearing is required. Commonwealth of Northern Mariana Islands v. Mendiola, 976 F.2d 475, 483 (9th Cir. 1992) (citation omitted). Since we conclude that the record in this case does not support Long's claims, we affirm on this issue.
 
 III. Faretta rights
 
 5
 Long argues that he was not properly advised of his right to represent himself pursuant to Faretta v. California, 422 U.S. 806 (1975). The appellant's motion to proceed with advisory counsel was denied, after the district court found that Long was not challenging his attorney's competency, but rather litigation strategy. In effect, Long's motion requested hybrid counsel, not a request to proceed pro se.[1] We have held that a defendant does not have a constitutional right to "hybrid counsel." United States v. Kienenberger, 13 F.3d 1354 (9th Cir. 1994). Thus, we conclude that the district court did not abuse its discretion in denying the appellant's motion.
 
 
 6
 IV. Sentencing under the Armed Career Criminal Act
 
 
 7
 Long argues that the predicate convictions considered by the district court in sentencing him under the Armed Career Criminal Act (ACCA), 18 U.S.C. Sec. 924(e), fall outside the scope of the statute.
 
 
 8
 First, Long argues that two of the convictions considered by the district court were too attenuated in time. We have rejected a time limitation argument in ACCA applications. United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir. 1992). The district court did not err in its consideration of these two convictions.
 
 
 9
 Second, the appellant argues that his 1978 conviction for exhibiting a deadly weapon other than in self-defense, in violation of Ariz. Rev. Stat. Sec. 13-916, was erroneously determined to be a violent felony for purposes of the ACCA.[2]
 
 
 10
 The appellant correctly states that the sentencing court cannot consider the underlying factual situation in its determination. Rather, the court must base its determination whether the conviction is a violent felony on a categorical analysis. United States v. Sherbondy, 865 F.2d 996, 1009 (9th Cir. 1988). Since the felony is not one of those enumerated in (i) of section 924(e), it must satisfy the "otherwise" clause of the definition of violent felony. United States v. Parker, 5 F.3d 1322, 1325 (9th Cir. 1994).
 
 
 11
 The appellant argues that, while assaulting with a deadly weapon is a violent felony, exhibiting one is not. Specifically, Long points out that "exhibiting does not require intent and is distinguished from assault on that basis." Appellant's Brief at 24. Under the first prong of section 924(e)(2)(B), this predicate conviction lacks the element of "'use, attempted use, or threatened use of physical force against the person of another."' Thus, according to Long, this conviction does not satisfy the categorical analysis approach for purposes of section 924(e).
 
 
 12
 We disagree. Title 18, U.S.C. section 924(e)(2)(B)(ii) (Supp. 1995) is disjunctive, and the predicate felony fits the definition of "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." The ACCA provides for the consideration of felony convictions which carry the potential for serious injury without regard to the perpetrator's intent to do harm.
 
 
 13
 We conclude that the three predicate felonies considered by the district court satisfy the statutory requirements under the ACCA.
 
 V. CONCLUSION
 
 14
 Concluding that the appellant's claims on appeal are without merit, we affirm Long's conviction and sentence.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the hearing on this motion, the appellant did claim he was "'tempted"' to renew his motion to proceed pro se. Appellee's Brief at 20 (citing Transcript Record at 31). This statement alone does not constitute a "knowingly and intelligently relinquished right to counsel" pursuant to Faretta. Nor is it unequivocal, a necessary component. Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir. 1990). Long's "request" is more analogous to that described in Ylst:
 The trial court may properly deny a request for self-representation that is a "momentary caprice or the result of thinking aloud."
 Id. (quoting Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir. 1989).
 
 
 [2]
 The ACCA defines "violent felony" as a crime punishable by imprisonment of more than one year which:
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
 18 U.S.C. Sec. 924(e)(2)(B) (Supp. 1995).