**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.

SHANE A. MASSEY,
           *Defendant-Appellant.*

No. 03-30434

D.C. No.
CR-03-00086-
aka-RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
February 17, 2005—Seattle, Washington

Filed August 15, 2005

Before: Betty Binns Fletcher, Ronald M. Gould,
Circuit Judges, and Samuel P. King,* District Judge.

Opinion by Judge Gould

---

*The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

**COUNSEL**

Mary C. Geddes, Assistant Federal Defender, Anchorage, Alaska, for the defendant-appellant.

Eileen J. O'Connor, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Brian Galle, Attorneys, Tax Division, Department of Justice, Washington, DC, for the plaintiff-appellee.

**OPINION**

GOULD, Circuit Judge:

Defendant-appellant Shane A. Massey was convicted of one count of corruptly endeavoring to impede the administration of the tax laws, in violation of I.R.C. § 7212(a), and three counts of willful failure to file income tax returns, in violation of I.R.C. § 7203. Massey challenges his conviction and sentence, arguing: 1) that he was deprived of his Sixth Amendment right to counsel; 2) that the district court erred in instructing the jury on the element of willfulness under § 7203 and on the omnibus clause of § 7212(a); and 3) that his sentence violated his Sixth Amendment right to have all facts used to enhance his sentence found by a jury beyond a reasonable doubt. We affirm his convictions and remand for the district court to consider resentencing in light of *United States v. Booker*, 125 S. Ct. 738, 769 (2005), and *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).

Massey did not file accurate federal income tax returns for tax years 1995 through 2001. When contacted by the Internal Revenue Service (IRS) regarding his non-compliance with the Internal Revenue Code, Massey threatened to sue the IRS and its agents, told the IRS that he planned to charge it $500,000 for each "unauthorized" use of his name, and demanded that the IRS cease efforts to subpoena his bank accounts. The United States charged Massey with one count of corruptly endeavoring to impede the administration of the tax laws, in violation of I.R.C. § 7212(a), and three counts of willful failure to file income tax returns, in violation of I.R.C. § 7203.

Before trial, the magistrate judge and the district court informed Massey of the charges against him, the maximum penalty for each charge, his right to counsel, including a court-appointed attorney, and the disadvantages of proceeding to trial *pro se*. Although Massey demanded his Sixth Amendment right to the "assistance of counsel," he repeatedly

asserted, through letters and in-court statements, that he would not accept retained counsel, court-appointed counsel or standby counsel. Massey also thwarted the district court's attempts to provide him with standby counsel and court-appointed counsel. At trial, Massey represented himself, was convicted on all counts, and received a 41-month sentence in accord with the U.S. Sentencing Guidelines. Massey appeals on three grounds.

**[1]** First, Massey argues that he did not validly waive his Sixth Amendment right to counsel.[1] We disagree. The record as a whole indicates that Massey understood the charges against him, the statutory penalties associated with these charges, and the dangers and disadvantages of self-representation. *Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir. 2000) (en banc); *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987). Massey attempted to hinder his trial by declining every constitutionally recognized form of counsel while simultaneously refusing to proceed *pro se*. A defendant may not abuse the Sixth Amendment in this way: tactics such as those employed by Massey amount to an unequivocal waiver of the right to counsel. *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994); *United States v. Hardy*, 941 F.2d 893, 896-97 (9th Cir. 1991).

**[2]** Second, Massey contends that the district court erred in instructing the jury on 1) the element of willfulness in § 7203, and 2) the omnibus clause of § 7212(a).[2] We reject these argu-

---

[1]Massey further argues that the magistrate judge did not have jurisdiction to conduct an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975). 28 U.S.C. § 636; *Peretz v. United States*, 501 U.S. 923, 932-36 (1991); *Gomez v. United States*, 490 U.S. 858, 863-75 (1989). We need not reach this question because we conclude that the record as a whole demonstrates that Massey knowingly, intelligently and unequivocally waived his right to counsel.

[2]We review a district court's formulation of jury instructions for an abuse of discretion. *United States v. Shipsey*, 363 F.3d 962, 966 n.3 (9th Cir. 2004). We review *de novo* whether a jury instruction misstates a material element of a statute. *Id.*

ments. With respect to § 7203, the district court properly instructed the jury that a disagreement with the Internal Revenue Code or a belief that the Code is unconstitutional does not negate the element of willfulness. *Cheek v. United States*, 498 U.S. 192, 206-07 (1991). With respect to § 7212(a), the district court correctly instructed the jury that "corruptly" means "performed with the intent to secure an unlawful benefit for oneself or another." *See United States v. Workinger*, 90 F.3d 1409, 1414 (9th Cir. 1996). The law of this circuit establishes that the government need not prove that the defendant was aware of an ongoing tax investigation to obtain a conviction under § 7212(a); it is sufficient that the defendant hoped "to benefit financially" from threatening letters or other conduct. *United States v. Kuball*, 976 F.2d 529, 531 (9th Cir. 1992).

**[3]** Third, Massey challenges his sentence on the ground that it was based upon facts, other than prior convictions, not found by a jury beyond a reasonable doubt in violation of the Sixth Amendment. Pursuant to *United States v. Ameline*, we remand to the district court to allow it to consider whether it would have imposed the same 41-month sentence on Massey if the U.S. Sentencing Guidelines system had been advisory, rather than mandatory. 409 F.3d at 1084-85; *Booker*, 125 S. Ct. at 769.

**AFFIRMED IN PART, REMANDED IN PART.**