UNITED STATES of America,
Plaintiff–Appellee,

v.

Douglas MARTINEZ, aka Douglas Alberto Martinez, aka Douglas Martinez–Aguilar, Defendant–Appellant.

No. 05–50244.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2006.*

Decided April 17, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Cynthia Valenzuela, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Rudy Kraft, Esq., San Luis Obispo, CA, for Defendant–Appellant.

Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.

MEMORANDUM **

Douglas Martinez appeals his sentence for illegal reentry after he was deported following a prior aggravated felony conviction.[1] *See* 8 U.S.C. § 1326(a), (b)(2).[2] We affirm.

■ (1) Martinez first claims that the district court erred when it allowed him to represent himself at sentencing. Of course, Martinez had a right to counsel at sentencing,[3] and his waiver had to have been knowing and intelligent.[4] Martinez asserts that his waiver was not properly received because he was not sufficiently informed of the dangers of self-representation. *See United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir.2005), *petition for cert. filed,* —— U.S.L.W. —— (U.S. Jan. 10, 2006) (No. 05–8633); *Erskine*, 355 F.3d at 1167; *cf. Iowa v. Tovar*, 541 U.S. 77,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He had been found guilty by plea in California of first degree robbery. *See* Cal.Penal Code §§ 211, 212.5.

2. The judgment indicates that Martinez was convicted under § 1326(a) and (b)(2). It should not. *See United States v. Rivera–Sanchez*, 222 F.3d 1057, 1061 (9th Cir.2000).

However, the issue has not been raised on appeal.

3. *See United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir.2003); *see also Gardner v. Florida*, 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977).

4. *See Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir.2004); *see also Lopez v. Thompson*, 202 F.3d 1110, 1117 (9th Cir.2000) (en banc).

81, 124 S.Ct. 1379, 1383, 158 L.Ed.2d 209 (2004) (the Constitution requires no more than advice regarding nature of charges, nature of punishment, and right to counsel). We disagree. The nature and extent of the required warning was a function of the stage of the proceeding and its complications. *See Patterson v. Illinois,* 487 U.S. 285, 298, 108 S.Ct. 2389, 2397–98, 101 L.Ed.2d 261 (1988); *Lopez,* 202 F.3d at 1119. Here, because the more complex possible arguments were foreclosed by Martinez's plea agreement, the advice by the district court was sufficient.[5]

■ (2) Martinez also asserts that the district court erred when it failed to grant him a sentencing continuance. Again, we disagree. All else aside, Martinez must show that some prejudice resulted from the denial. *See United States v. Lopez–Patino,* 391 F.3d 1034, 1038–39 (9th Cir. 2004) (per curiam); *United States v. George,* 85 F.3d 1433, 1439–40 (9th Cir. 1996). He has not done so. He points to nothing more than: (a) a desire to show that he had not possessed a weapon when he committed the California robbery, an irrelevant fact; and (b) a desire to challenge the merits of his California conviction, which he could not do. *See United States v. Gutierrez–Cervantez,* 132 F.3d 460, 462 (9th Cir.1997). That does not suffice.

■ (3) Martinez finally argues that his sentence was illegally imposed because the district court treated the Sentencing Guideline calculation as mandatory and did not consider the various statutory sentencing factors, as it was required to do. *See* 18 U.S.C. § 3553(a); *United States v. Booker,* 543 U.S. 220, 259–60, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005); *see*

also *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006); *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir. 2006); *cf. United States v. Fifield,* 432 F.3d 1056, 1063–66 (9th Cir.2005). It is unclear from the record in this case whether the district court fully considered the § 3553(a) factors. But no objection was raised at the district court. Thus, plain error review applies. *See United States v. Alferahin,* 433 F.3d 1148, 1154 (9th Cir. 2006). The sentence was reasonable. Even if the district court did err in not making a clear record, and even if the error was plain, we cannot say that Martinez's substantial rights were affected. Nor can we say that either the fairness, or the integrity, or the public repute of the proceeding was affected. *Id.* Simply put, there was very limited information before the district court (Martinez even declined to meet with the probation officer), and the court did discuss what little there was. *See Knows His Gun,* 438 F.3d at 919–20.

**AFFIRMED.**

---

5. Among other things, the district court encouraged Martinez to keep his then counsel, and told him that he might not understand the legal principles, that his education was

lacking, that there were dangers and pitfalls to self-representation, and, finally, that he would be at a disadvantage. The court also

had the prior counsel remain in the courtroom in case he was needed and wanted.

