UNITED STATES of America,
Plaintiff–Appellee,

v.

Wayne S. ANDERSON, Defendant–
Appellant.

No. 05–30216.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

March 14, 2007.

Alan Hechtkopf, Gregory V. Davis, Esq., DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Ronald D. Ness, Esq., Port Orchard, WA, for Defendant–Appellant.

BEFORE: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Wayne Anderson ("Anderson") appeals his conviction on numerous counts of conspiracy, aiding in the preparation and filing of false tax returns, mail fraud, wire fraud, and money laundering. He contends that the district court erred in permitting him to defend himself and in failing to sua sponte order a competency evaluation. We find his contentions to be without merit and affirm.

Because the parties are familiar with the facts, we restate them here only as necessary to this disposition.

Anderson, with his brother Keith, administered and controlled Anderson's Ark and Associates, which offered "tax reduction plans" (according to the government, offshore money laundering plans), and promoted them through public seminars. On December 10, 2002, December 4, 2003, and August 11, 2004, the government filed initial, first, and second superceding indictments against Anderson and nine other defendants. On February 21, 2003, the court conducted a *Faretta* hearing to determine whether Anderson would be permitted to represent himself. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). When Anderson appeared unwilling to accept appointed counsel, the court concluded that Anderson had waived his right to counsel, but appointed standby counsel. The court held a second hearing following return of the first superseding indictment and inquired whether the increase in the potential punishments had affected Anderson's decision not to be represented by counsel. Anderson refused to answer and the court did not appoint counsel. On September 9, 2004, a third hearing was held after the return of the second superseding indictment. When asked whether he wanted the court to appoint an attorney, Anderson stated that he would not accept appointment of any attorney who was a member of the bar. The court determined that Anderson had waived counsel and relieved standby counsel. At no point during these proceedings or the rest of the trial did Anderson request or the district court order a competency hearing.

On December 27, 2004, following a thirty-seven-day jury trial, Anderson was convicted on eighty-two counts. This timely appeal followed.

1. Anderson argues first that because he never made a clear statement that he wished to proceed pro se, the district court erred in allowing him to proceed without court-appointed counsel. "Whether a defendant knowingly, voluntarily and intelligently waived his Sixth Amendment right to counsel is a mixed question of law and fact that we review March 12, 2007." *United States v. Springer*, 51 F.3d 861, 864 (9th Cir.1995). However, "[f]actual findings of the district court (the basis of its decision to allow a defendant to proceed pro se) are reversible only if clearly erroneous." *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir.1994) (citing *United States v. Smith*, 780 F.2d 810, 811 (9th Cir.1986)).

Congress has codified the constitutional right to waive counsel in 28 U.S.C. § 1654: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the

---

\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

rules of such courts, respectively, are permitted to manage and conduct causes therein." A decision to waive counsel will be valid "if [the] request was timely, not for the purposes of delay, unequivocal, and knowing and intelligent." *United States v. Arlt,* 41 F.3d 516, 519 (9th Cir.1994) (citing *United States v. Schaff,* 948 F.2d 501, 503 (9th Cir.1991)).

Anderson's waiver was timely since it occurred at three pretrial hearings held to determine whether he wanted the court to appoint counsel. Likewise, nothing indicates that Anderson waived counsel to delay the trial; in fact, until the final hearing, Anderson was proceeding pro se with unused standby counsel. And Anderson does not assert that his waiver was not knowing and intelligent.

■ Anderson argues, however, that because he appeared to vacillate between self-representation and counsel, his waiver was equivocal and he should be presumed to have requested the assistance of counsel. *See Adams v. Carroll,* 875 F.2d 1441, 1444 (9th Cir.1989); *see also United States v. Meeks,* 987 F.2d 575, 579 (9th Cir.1993) ("[W]e indulge every reasonable presumption against waiver of fundamental constitutional rights, and doubts must be resolved in favor of no waiver.") (quotation omitted). However, the record does not support the argument. Far from vacillating, Anderson, though fully advised of the charges against him and the penalties he was facing, insisted that he would not accept representation by a member of the bar or an attorney paid by the government while declining to proceed pro per. Here, as in *United States v. Massey,* 419 F.3d 1008 (9th Cir.2005), *cert. denied,* — U.S. —, 126 S.Ct. 2019, 164 L.Ed.2d 786 (2006), Anderson "attempted to hinder his trial by declining every constitutionally recognized form of counsel while simultaneously refusing to proceed pro se." *Id.*

at 1010. "A defendant may not abuse the Sixth Amendment in this way: tactics such as those employed by [Anderson] amount to an unequivocal waiver of the right to counsel." *Id.* (citations omitted).

■ 2. Appellant also argues that the district court should have ordered a competency hearing based on his irrational behavior, demeanor, and sometimes illogical and even nonsensical arguments. As no request for a competency hearing or related objection was made at trial, we review the district court's failure to order a hearing sua sponte for plain error. *United States v. Fernandez,* 388 F.3d 1199, 1250–51 (9th Cir.2004), *modified by* 425 F.3d 1248 (9th Cir.2005), *cert. denied,* 544 U.S. 1043, 125 S.Ct. 2286, 161 L.Ed.2d 1077 (2005). Plain error exists when there is: (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Sanders,* 421 F.3d 1044, 1050 (9th Cir. 2005) (citing *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

> [A] trial judge must conduct a competency hearing whenever the evidence before him raises a bona fide doubt about the defendant's competence to stand trial, even if defense counsel does not ask for one. The trial judge must satisfy himself that the defendant is able to understand the proceedings against him and assist counsel in preparing his defense.

*Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir.2001) (citation omitted). "A *bona fide* doubt exists if there is substantial evidence of incompetence, or substantial evidence that the defendant lacks ... a rational as well as factual understanding of the pro-

ceedings against him." *Williams v. Woodford,* 384 F.3d 567, 604 (9th Cir.2004) (quotations and citations omitted); *see also* 18 U.S.C. § 4241(a) (requiring the court to order a hearing on the defendant's competency on its own motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").

■ There is no evidence that Anderson was suffering from a mental disease or defect. He may have expressed unusual views regarding taxes, government, and the court's jurisdiction over him, but he did not display irrational behavior at trial. He was polite, followed courtroom rules, and participated in the trial whenever he chose to, cross-examining witnesses effectively. *See Harding v. Lewis,* 834 F.2d 853, 857 (9th Cir.1987) (finding no competency hearing required where pro se defendant was responsive and rational at trial and participated effectively when he chose to do so). In sum, there was no evidence before the district court "rais[ing] a bona fide doubt about the defendant's competence."

**AFFIRMED.**