**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10532 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00252-TLN-1 |
| v. | |
| JAMES O. MOLEN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 21, 2015
Stanford University, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

James Orbin Molen was convicted after a jury trial of filing false liens

against IRS agents in violation of 18 U.S.C. § 1521, criminal contempt in violation

of 18 U.S.C. § 401(3), and endeavoring to obstruct the administration of the

internal revenue laws in violation of 26 U.S.C. § 7212(a).  Before trial, Molen

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

waived his right to counsel and proceeded *pro se* with the active participation of standby counsel. On appeal, he challenges the validity of his waiver and several of the court's jury instructions. We affirm.

1.      The *Faretta* colloquy sufficed to ensure Molen's waiver was unequivocal, knowing, and intelligent. *See Faretta v. California*, 422 U.S. 806 (1975). Molen stated unequivocally his desire to represent himself after the district court explained that he would not "do a reservation for counsel," as Molen wanted. *See United States v. Marks*, 530 F.3d 799, 816-17 (9th Cir. 2008). Moreover, the district court "strongly urge[d]" Molen against waiving counsel. The district court explained that Molen would have to navigate strictly applied, complex rules of evidence and procedure without aid, that trained counsel would provide superior representation, and that waiver was unwise. *See United States v. Neal*, 776 F.3d 645, 657-59 (9th Cir. 2015); *Marks*, 530 F.3d at 816.

2.      The district court did not err in rejecting Molen's "good faith" instruction with respect to the contempt charges. Molen's disagreement with or indifference to the district court's prior order that IRS officers are federal employees does not entitle him to such an instruction. *See United States v. Armstrong*, 781 F.2d 700, 706-07 (9th Cir. 1986); *United States v. Rylander*, 714 F.2d 996, 1003 (9th Cir. 1983).

2

**3.**     We need not address whether the 26 U.S.C. § 7212(a) charge required a specific unanimity instruction because Molen's substantial rights were not violated.  *See United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011) (explaining that, where defendant does not object to jury instructions at trial, relief is unwarranted unless there has been plain error that affects the defendant's substantial rights and the fairness or integrity of the proceedings).  The jury's guilty verdict on counts one and two, the § 1521 charges, established a unanimous finding that Molen filed a false lien against IRS officers, one of the obstructive means alleged in the indictment.  *See United States v. Chen Chian Liu*, 631 F.3d 993, 1000-01 (9th Cir. 2011).  Moreover, overwhelming evidence demonstrated that Molen filed the lien with an intent to secure an unlawful benefit, satisfying the requirement under § 7212(a) that the obstructive means were undertaken "corruptly."  *See United States v. Massey*, 419 F.3d 1008, 1010-11 (9th Cir. 2005).

**AFFIRMED.**