NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30094 |
| Plaintiff - Appellee, | D.C. No. 6:10-cr-60109-AA-1 |
| v. | |
| DANIEL CARL ERNST, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted November 2, 2015
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

**1.** Daniel Carl Ernst validly waived his Sixth Amendment right to counsel.

At Ernst's request, the district court granted his lawyer's motion to withdraw so

that Ernst could represent himself. At the February 23, 2012, hearing, the district

court conducted a thorough colloquy to ensure that Ernst's waiver of his right to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

counsel was knowing, intelligent, and voluntary. *See Faretta v. California*, 422 U.S. 806, 835 (1975). The court informed Ernst of the nature of the charges against him, the possible penalties he faced if convicted, and the dangers and disadvantages of self-representation. *See United States v. Neal*, 776 F.3d 645, 657–59 (9th Cir. 2015). Ernst has not argued that the district court's participation in plea negotiations violated Federal Rule of Criminal Procedure 11, and to the extent the court cautioned him of the serious risks of proceeding to trial, its warnings contributed to his understanding of the important choice he faced. *See United States v. French*, 748 F.3d 922, 929 (9th Cir. 2014).

Ernst's subsequent "Notice of Court Deficiency as to Assistance of Counsel" did not invalidate his prior waiver. Ernst continued to reject the services of any licensed attorney and insist on representation by a non-lawyer. Ernst's rejection of "every constitutionally recognized form of counsel while simultaneously refusing to proceed *pro se*" amounted to an unequivocal waiver of the right to counsel. *United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005).

**2.** We need not decide whether the district court erred in denying Ernst's motion to suppress evidence discovered during the 2006 search. Any alleged error was harmless beyond a reasonable doubt, *see Chapman v. California*, 386 U.S. 18, 24 (1967), given that Ernst does not contest the legality of the evidence obtained

during the 2010 search. The evidence from the 2010 search independently supported Ernst's conviction under 18 U.S.C. § 922(g)(1), and Ernst stipulated to facts rendering him guilty of that offense. To the extent Ernst contends that the denial of his suppression motion unduly influenced his decision to stipulate to facts rendering him guilty, the record simply does not support that contention. Ernst's decision to stipulate to facts related to the 2010 search could not have been unduly influenced by the district court's denial of his suppression motion with respect to the 2006 search. The evidence discovered during the 2006 search was no more incriminating than the evidence from the 2010 search, the admissibility of which was not challenged on appeal.

**3.** Ernst's prior Oregon convictions for marijuana trafficking qualify as serious drug offenses under the Armed Career Criminal Act (ACCA). Ernst does not dispute that those convictions involved the distribution of a controlled substance and carried a maximum penalty under Oregon law of at least ten years' imprisonment, as the ACCA requires. 18 U.S.C. § 924(e)(2)(A)(ii). Ernst instead contends that, to qualify as ACCA predicates, his marijuana-trafficking offenses had to trigger a statutory maximum of ten years or more under both Oregon and federal law. Ernst's contention is foreclosed by the Supreme Court's interpretation of § 924(e)(2)(A)(ii) in *United States v. Rodriquez*, 553 U.S. 377, 381–84 (2008).

**4.** The record contains sufficient evidence to satisfy the interstate commerce requirement under 18 U.S.C. § 922(g)(1). Ernst stipulated that the firearms and ammunition at issue were manufactured outside of Oregon, which is sufficient to sustain his conviction under *Scarborough v. United States*, 431 U.S. 563, 575 (1977). Ernst contends that the Supreme Court's more recent Commerce Clause and Second Amendment cases have effectively overruled *Scarborough*, but we lack the authority to accept that contention. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997).

**AFFIRMED.**