**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50436 |
| Plaintiff-Appellee, | 18-50352 |
| v. | D.C. No. 3:14-cr-00635-WQH-1 |
| MARLIN LEE GOUGHER, | |
| Defendant-Appellant. | MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted May 14, 2020
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and PRESNELL,** District Judge.
Concurrence by Judge COLLINS

This case involves two consolidated appeals. The first is an appeal from

Marlin Lee Gougher's ("Gougher") convictions for distribution, receipt, and

possession of child pornography in violation of 18 U.S.C. § 2252. The second

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

appeals the denial of a motion to correct transcripts that were filed for the first appeal. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I.      Gougher's Representation

Gougher's representation by counsel and his objections to that representation appear to be based on his "sovereign citizen" beliefs.  Sovereign citizens share a common belief that the court system is "a vast governmental conspiracy" controlled by complicated and enigmatic rules.  *United States v. Glover*, 715 F. App'x 253, 256 n.2 (4th Cir. 2017). They generally take the position "that they are not subject to" federal laws and proceedings. *United States v. Mesquiti*, 854 F.3d 267, 269-70 (5th Cir. 2017). This creates a difficult balancing act for trial courts when considering whether to allow criminal defendants with profoundly flawed views of the law to represent themselves.

Gougher first argues that the district court violated his Sixth Amendment rights by (1) allowing him to represent himself at the bail revocation hearing when he had not yet made an unequivocal decision to represent himself, and (2) not allowing him to represent himself at trial once he had made an unequivocal decision to represent himself. We review waivers of counsel de novo. *United States v. Erskine*, 355 F.3d 1161, 1166 (9th Cir. 2004). The Ninth Circuit has "not yet clarified whether denial of a request to proceed pro se is reviewed de novo or for abuse of discretion." *United States v. Maness*, 566 F.3d 894, 896 n.2 (9th Cir. 2009).

"Whether to allow hybrid representation, where the accused assumes some of the lawyer's functions, is within the sound discretion of the judge." *United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir. 1986).

The first question is whether Gougher, as he argues, engaged in "self-representation without counsel" at the revocation hearing. Gougher had the benefit of counsel both prior to and during the revocation hearing. Because Gougher would not permit his counsel to speak without interruption, the district court permitted Gougher to assume some of counsel's functions: questioning witnesses, making objections, and giving oral argument. The Court also gave Gougher's counsel the opportunity to object, to cross-examine, and to give oral argument. At most, Gougher's participation created a hybrid counsel situation. The district court did not abuse its discretion in permitting Gougher to participate.

The next question is whether Gougher made an unequivocal decision to represent himself at trial and whether the district court violated his Sixth Amendment rights by failing to honor that decision. "In order to deem a defendant's *Faretta* waiver knowing and intelligent, the district court must [e]nsure that he understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the 'dangers and disadvantages of self-representation.'" *Erskine*, 355 F.3d at 1167 (quoting *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987)). The district court denied Gougher's request to represent himself at trial. Gougher had repeatedly

17-50436

insisted, and continued to insist, that he did not understand the nature of the charges against him. A district judge cannot be expected to ensure that a defendant understands the nature of the charges against him when the defendant repeatedly and consistently refuses to acknowledge that he understands them.

Gougher also argues that the district court's refusal to appoint substitute counsel following Gougher's bar complaint against his attorney violated the Sixth Amendment. We review de novo claims "that trial counsel had a conflict of interest with the defendant." *United States v. Nickerson*, 556 F.3d 1014, 1018 (9th Cir. 2009). The Sixth Amendment is violated when an attorney has an actual conflict of interest that adversely impacts his or her performance in a criminal case. *United States v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998). Where, as here, the defendant has been repeatedly uncooperative with successive counsel, we have declined to find that an eve-of-trial filing of a bar complaint against the defendant's latest counsel gives rise to an actual conflict of interest that would require a substitution of counsel. *See United States v. Plasencia-Orozco*, 852 F.3d 910, 916–18 (9th Cir. 2017). Beyond his mere filing of a bar complaint against his fourth appointed counsel, Gougher does not otherwise explain why the district court should have found an actual conflict. Accordingly, there is no basis for finding that the district court's refusal to appoint substitute counsel violated the Sixth Amendment.

## II. Speaking in Court

Gougher argues that the district court abused its discretion by prohibiting Gougher from making statements during court proceedings. A represented defendant does retain authority over some aspects of the case, such as whether to plead guilty, to have a jury trial, to appeal, and to testify on his own behalf. *United States v. Read*, 918 F.3d 712, 720 (9th Cir. 2019). Beyond that, it was not an abuse of discretion for the district court to otherwise insist that Gougher speak only through his appointed counsel. *See United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir. 1986) (district court has discretion to deny "hybrid" representation in which defendant supplements attorney's representation). Moreover, Gougher cites no persuasive authority to support his argument that the First Amendment somehow grants a criminal defendant the right to speak at his trial outside the strictures of the applicable rules of court.

### III. Gougher's Stricken Testimony

We review de novo comments on a criminal defendant's failure to testify. *United States v. Inzunza*, 638 F.3d 1006, 1022 (9th Cir. 2011). When the defendant fails to object at trial, we review Fifth Amendment claims for plain error. *United States v. Sehnal*, 930 F.2d 1420, 1426 (9th Cir. 1991).

Gougher contends that (1) the cross-examination about child pornography on the computers and (2) the rebuttal argument that mentioned Gougher's failure to say

anything contradicting the government's evidence both violated the Fifth Amendment. But the Fifth Amendment privilege is not self-executing. A defendant who wishes to avail himself of the privilege against self-incrimination "must claim it or he will not be considered to have been 'compelled' within the meaning of the Amendment." *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984) (quoting *United States v. Monia*, 317 U.S. 424, 427 (1943)). Gougher voluntarily took the stand, and at no point during his testimony did Gougher assert his Fifth Amendment privilege. Thus, neither the cross-examination nor the rebuttal argument violated his Fifth Amendment rights.

IV.  **The Motions for Discovery and Evidentiary Hearing about Current NCIS Investigative Practices**

We review district court discovery rulings for abuse of discretion. *United States v. Sellers*, 906 F.3d 848, 851 (9th Cir. 2018). However, if the district court applied the wrong legal standard, it necessarily abused its discretion. *Id.* at 852. We review de novo the question of whether the district court applied the correct legal standard. *Id.* at 851. Essentially, Gougher argues he was entitled to discovery that could show that a different case, *United States v. Dreyer*, 804 F.3d 1266 (9th Cir. 2015), was wrongly decided. The district court did not abuse its discretion when it found that such information was irrelevant to this case. And Gougher fails to establish that the district court applied an incorrect legal standard. Accordingly, the

district court's denial of the motions for discovery and evidentiary hearing was not improper.

### V. Motion to Correct Transcripts

We will not disturb "a trial court's factual finding that transcripts are accurate and complete" unless clearly erroneous. *United States v. Anzalone*, 886 F.2d 229, 232 (9th Cir. 1989). Gougher argues that the district court erred in denying the Motion to Correct Transcripts without first reviewing the recordings of the proceedings. The district court stated that it reviewed Gougher's proposed changes and the response of the court reporter, and it found that the court reporter's version was accurate. We find no basis for concluding that the district court clearly erred in denying Gougher's requests for additional changes to the transcript. But, even if there were errors in the transcript, Gougher has not made a showing of specific prejudice, and thus he cannot prevail on this issue. *United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013).[1]

**AFFIRMED.**

---

[1] We deny Gougher's motion in this court to make additional changes to the transcript (17-50436 Docket No. 18).

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in part and in the judgment:

I concur in the last paragraph of Section I of the memorandum disposition, as well as in Sections II-V. As to the remainder of Section I, I concur only in the judgment.

1. I do not join in the majority's gratuitous observations, at the beginning of Section 1, about whether Gougher subscribes to "'sovereign citizen' beliefs" and about what such beliefs entail. *See* Mem. Dispo. at 2. Whether or not such beliefs underlay Gougher's behavior in court seems to me to be beside the point.

2. I agree that Gougher was not deprived of his Sixth Amendment right to counsel at his bond revocation hearing, where the district court allowed Gougher to question witnesses and to make objections. But I reach that conclusion for reasons that differ from the majority's rationale.

The majority contends that "Gougher's participation created a hybrid counsel situation" and that the district court "did not abuse its discretion in permitting Gougher to participate." *See* Mem. Dispo. at 3. In my view, the majority's reasoning begs the Sixth Amendment question. Assuming that the bond hearing constituted a critical stage of the case at which Gougher had a Sixth Amendment right to counsel, we made clear in *United States v. Turnbull*, 888 F.2d 636 (9th Cir. 1989), that "hybrid representation" is "acceptable *only* if the

defendant *has voluntarily waived* [his right to] counsel"—at least where, as here, "the defendant assumes any of the 'core functions' of the lawyer." *Id.* at 638 (emphasis added). Thus, there still must be a predicate waiver of the Sixth Amendment right to counsel in order to uphold a district court's authorization of a hybrid situation in which the defendant assumes the sort of central role that Gougher did at the bond hearing. The majority cites nothing to support its conclusion or to justify its disregard of the underlying Sixth Amendment issue and Ninth Circuit precedent.

Although the record does not appear to demonstrate that the district court conducted a proper *Faretta* colloquy at the bond hearing, *United States v. Hayes*, 231 F.3d 1132, 1136 (9th Cir. 2000), I nonetheless conclude that Gougher effectively waived his Sixth Amendment right to counsel by his conduct at that hearing. Gougher's counsel had not been discharged, and Gougher therefore remained represented by counsel during the hearing, but Gougher repeatedly objected to his counsel's participation. At the same time, Gougher conversely insisted that he did *not* wish to proceed pro se. The district court's handling of the difficult situation created by Gougher's conduct did not violate his Sixth Amendment right to counsel. *See United States v. Turner*, 897 F.3d 1084, 1104 (9th Cir. 2018) (district court did not err in finding waiver of right to counsel where defendant "'manipulated the proceedings' by vacillating between asserting

2

his right to self representation and his right to counsel"); *United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005) ("Massey attempted to hinder his trial by declining every constitutionally recognized form of counsel while simultaneously refusing to proceed pro se. A defendant may not abuse the Sixth Amendment in this way[.]").

3. I also agree that the district court did not infringe Gougher's constitutional rights by refusing on the first day of trial to allow him to proceed pro se. Again, however, my reasoning differs from that of the majority.

The majority concludes that the denial of self-representation was proper based on the fact that Gougher refused to state that he understood the nature of the charges against him. *See* Mem. Dispo. at 3–4. But there is no indication in the record that Gougher did not understand either the elements of the crimes with which he was charged or the nature of the charged conduct that he was alleged to have committed. *See United States v. Lopez-Osuna*, 232 F.3d 657, 664–65 (9th Cir. 2000) (waiver of counsel was sufficient under *Faretta* where defendant knew the elements of the charge and the underlying violative conduct alleged). Rather, Gougher's comments made clear that he claimed not to understand why the "United States"—which he characterized as an officious "corporation"—could assert the authority to punish him at all. But that is not part of what *Faretta* requires, because "there is a difference between agreeing with the charges and

3

understanding them." *Id.* at 665. And if it really had been true that Gougher did not understand the charged offenses, then "the district court should have informed him of the pending charges before proceeding any further." *Id.* at 664.

I nonetheless agree that the district court properly declined to allow Gougher to proceed pro se based on the district court's conclusion that Gougher was not "able and willing to abide by the rules of procedure and courtroom protocol." Gougher concedes that this is a proper ground for denying the right to self-representation, *see Lopez-Osuna*, 232 F.3d at 664, but he asserts that it was "necessary to give self-representation a try before concluding [that] Gougher would not respect courtroom decorum." That is wrong. By the first day of trial, there was already an extensive record of Gougher's repeatedly inappropriate and disruptive behavior throughout the proceedings below, and that record provided ample grounds for the district court to deny Gougher's request to proceed pro se.

For these reasons, I respectfully concur in part and in the judgment.

4